IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENNETH SHIM, | ) | CIV. NO. 10-00156 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANTS' |
| vs. | ) | MOTION TO DISMISS |
| | ) | |
| PNC BANK, N.A., Successor by Merger to National City Bank; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC; et al. | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

I.   INTRODUCTION.

On March 18, 2010, Plaintiff Kenneth Shim filed the present Complaint. Shim's Complaint consists of general averments and lacks the requisite factual detail. From what the court can glean from the Complaint, Shim obtained a loan from Defendants. In connection with that loan, Shim executed a note dated January 8, 2007, and a mortgage that was recorded on January 17, 2007. It appears that Defendants are conducting (or possibly have concluded) a nonjudicial foreclosure.

On June 8, 2010, Defendants filed a motion to dismiss, arguing that Shim's Truth in Lending Claims are time-barred, that Shim's fraud and misrepresentation claims are not pled with the requisite particularity, and that the remainder of the Complaint should be dismissed because it fails to allege sufficient factual detail to support the claims. The court agrees and dismisses the

Complaint.  However, as the court is not persuaded by Defendants' contention that the Complaint should be dismissed for failure to allege satisfaction of conditions precedent to filing suit, this dismissal does not rely on that ground.  The court denies as moot Defendants' various requests for judicial notice.

II.       FACTUAL BACKGROUND.

Shim's Complaint contains very little factual detail, instead relying on general allegations of wrongful conduct.  Shim alleges that, on or about January 8, 2007, he executed a note, as well as a mortgage that was eventually recorded in the Bureau of Conveyances on January 17, 2007.  See Complaint ¶ 10.

Shim alleges that he was not provided with a notice of his right to cancel the loan, or with various unidentified disclosures required by the Truth in Lending Act.  See Complaint ¶¶ 11-14.  Shim alleges that Defendants made various untrue or misleading statements regarding the cost of the loan, but he does not detail those statements.  See Complaint ¶ 15.  According to Shim, Defendants eased their underwriting requirements to loan Shim money that Shim could not afford to repay.  See Complaint ¶¶ 17, 19.  Shim also complains that Defendants do not actually have the note and so lack standing to enforce the note and/or mortgage.  See Complaint ¶¶ 20-22.

III.    LEGAL STANDARD.

Under Rule 12(b)(6), review is generally limited to the contents of a complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988, as amended by 275 F.3d 1187 (9th Cir. 2001). If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment. See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). However, courts may "consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). When ruling on a motion to dismiss, a court may also consider documents central to the allegations in a complaint even if the documents are not attached to the complaint, so long as the authenticity of the documents is undisputed. See Cooper v. Pickett, 137 F.3d 616, 622-23 (9th Cir. 1997); see also Del Puerto Water Dist. v. U.S. Bureau of Reclamation, 271 F. Supp. 2d 1224, 1233, n.4 (E.D. Cal. 2003) ("However, documents not physically attached to the complaint may nonetheless be considered by the court on a 12(b)(6) motion to dismiss if: (1) the complaint refers to such documents; (2) the document is 'central' to the plaintiff's

claims; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 554).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)).

IV.     ANALYSIS.

    A.    Shim Was Not Required to Plead that All Conditions Precedent Were Satisfied Before Filing Suit.

Defendants argue that, under the terms of the mortgage at issue, Shim was required to provide them with written notice before filing suit.  Defendants read Rule 9(c) of the Federal Rules of Civil Procedure as requiring Shim to plead satisfaction of all conditions precedent to filing suit.  That argument, previously rejected by another judge of this court in a different case, does not persuade the present judge.  See Kapahu v. BAC Home Loans Serv., L.P., 2010 WL 2734774, *4 (D. Haw. July 8, 2010) (Seabright, J.) ("Rule 9(c) does not create an affirmative requirement that a claimant plead that all conditions precedent have been met.").

Rule 9(c) states: "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed."  By contrast, "when denying that a condition precedent has occurred or been performed, a party must do so with particularity."  Fed. R. Civ. P. 9(c).  Thus, the reference in Rule 9(c) to conditions precedent simply distinguishes what suffices when an allegation of performance is made from what satisfies when performance is denied.  In discussing what suffices when such allegations are made, Rule 9(c) does not affirmatively require either an allegation of performance or a denial of performance.

5

To the extent Defendants seek dismissal because Shim actually failed to provide the required notice, that argument is not properly considered on the present motion to dismiss, as it assumes facts not pled in the Complaint--that such notice was not actually given.  If Defendants seek to raise this issue at some future time, Defendants should brief whether and under what conditions such a contractual written notice provision is enforceable when a consumer is asserting federal statutory rights.

        B.   Shim's Truth in Lending Act claims are Time-Barred.

Shim alleges:

> Defendants . . . failed and/or refused to provide Plaintiff with copies of important documents which would explain [his] rights, as well as other rights, including but not limited to, the right to cancel the contract, and disclosures required under the Federal Truth in Lending [Act] "TILA", the Real Estate Settlement Procedures act "RESPA", the Equal Credit Opportunity Act "ECOA", the Gramm, Leach, Bliley Act "GLB", [the] Fair & Accurate Credit Transactions Act "FACTA"[,] and the Home Ownership and Equity Protections Act "HOEPA."

Complaint ¶ 11 (Mar. 18, 2010).  At the hearing, Shim clarified that he is asserting federal claims only under the Truth in Lending Act ("TILA"), and not under any other federal statute.  Shim's TILA claims (Counts 1 to 4), however, are untimely.

With respect to Shim's claims for money damages under TILA, Shim was required to file his claims "within one year from

the date of the occurrence of the violation." 15 U.S.C. § 1640(e). When a TILA violation is based on an insufficient disclosure, the limitation period generally "starts at the consummation of the [loan] transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986); see also Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that when a lender fails to comply with TILA's initial disclosure requirements, a borrower has one year from obtaining the loan to file suit). To the extent Shim seeks money damages for TILA violations arising out of the January 2007 loan, those claims are barred by the one-year statute of limitation, as Shim did not file his Complaint until March 18, 2010.

At the hearing, the court asked Shim whether he was asserting a money damage claim under TILA for Defendants' failure to rescind. Shim conceded that no such claim was asserted in the Complaint. Accordingly, this court need not determine whether such a claim is time-barred. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (noting in dicta that "that 15 U.S.C. § 1640(e) provides the borrower one year from the refusal of cancellation to file suit").

Shim's prayer for relief seeks rescission of the loan. It is unclear which count this prayer applies to, but it may apply to Count 6, which mentions "rescission" in the title. To the extent rescission is claimed under TILA, the Complaint does

7

not assert a claim that is timely.  Claims for rescission must be brought within three years of the consummation of the loan.  See 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ."); Miguel Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) ("§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period").  Because the Complaint fails to allege that Shim attempted to rescind the loan within the three-year limitation period, Shim's claim(s) for rescission alleged in the Complaint are dismissed.

Shim argues that the limitation periods for his TILA claims should be equitably tolled based on Defendants' alleged fraudulent concealment of his causes of action.  See King v. California, 784 F.2d 910, 915 (9th Cir. 1986) ("we hold that the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action").  Shim, however, alleges no facts supporting fraudulent concealment.  See, e.g., Complaint ¶ 10, Count 9.  His Opposition does not provide a single fact

supporting equitable tolling. Shim's bald reliance on the equitable tolling doctrine, without more, is insufficient to toll the applicable limitation periods.

Nor is the court convinced by Shim's argument that "the motion to dismiss is premature without proper discovery." Opposition at 2. On a Rule 12(b)(6) motion to dismiss, the court assumes the facts alleged to be true, making discovery unnecessary. See Fed'n of African Am. Contractors, 96 F.3d at 1207.

       C.  Shim's Fraud and Misrepresentation Claim (Count 6) is Dismissed.

Count 6 asserts a claim for fraud and misrepresentation. But Shim's claims of fraud and misrepresentation are not sufficiently pled. "[I]n alleging fraud or mistake," Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to "state with particularity the circumstances constituting fraud or mistake." The Ninth Circuit has interpreted Rule 9(b) as requiring a party to allege "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citation omitted). Under Rule 9(b), the "plaintiff must set forth what is false or misleading about a statement, and why it is false." Ebeid ex rel. United States v. Lungwitz, __ F.3d __, 2010 WL 3092637, *4 (9th Cir. Aug. 9, 2010). Because the Complaint fails to allege what

Defendants did that was fraudulent or what Defendants misrepresented, those claims do not satisfy Rule 9(b) and are dismissed.

        D.    The Remaining Claims are Dismissed For Failure to Meet the Notice Pleading Standard.

As discussed above, to survive a Rule 12(b)(6) motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." Twombly, 550 U.S. at 555; accord Iqbal, 129 S. Ct. at 1949. While a complaint challenged in a Rule 12(b)(6) motion need not contain detailed factual allegations, a plaintiff must do more than list "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." Id. at 1949 (citations and internal quotations omitted). A complaint is not sufficient if it merely makes "naked assertions" devoid of "further factual enhancement." Id.

The remainder of Shim's Complaint asserts various state-law claims without providing the factual bases for them. At most, the Complaint generally avers improper conduct by Defendants. Such general averments are insufficient to satisfy the pleading standard set forth in Twombly and Iqbal.

        E.    Request for Judicial Notice.

Defendants ask this court, pursuant to Rule 201 of the Federal Rules of Evidence, to take judicial notice of certain

documents.  Because the court is dismissing the Complaint based on the four corners of that document, the requests for judicial notice are denied as moot.

V.        CONCLUSION.

The court grants Defendants' motion to dismiss.  Shim is given leave to file an Amended Complaint that satisfies the pleading requirements no later than September 30, 2010.  If Shim does not file an Amended Complaint by that date, the Clerk of Court shall automatically enter judgment in favor of Defendants based on this order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 14, 2010.



　　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　　Chief United States District Judge

Shim v. PNC Bank, et al., Civil No. 10-00156 SOM/LEK; Order Granting Defendants' Motion to Dismiss