ORIGINAL

DAVID B. ROSEN (7152-0)
LAUREN M. AKITAKE (8858-0)
LAW OFFICE OF DAVID B. ROSEN, ALC
810 Richards Street, Suite 880
Honolulu, HI 96813
Ph.:   (808) 523-9393
Fax: (808) 523-9595
E-mail: RosenLaw@hawaii.rr.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

OCT 21 2010

at____ o'clock and ___90__ min.___ __M.
SUE BEITIA, CLERK

Attorneys for Defendant PNC BANK, NATIONAL ASSOCIATION, successor by merger to NATIONAL CITY MORTGAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH SHIM,<br><br>Plaintiff,<br><br>vs.<br><br>PNC Bank, N.A., a NATIONAL ASSOCIATION, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC, NATIONAL CITY MORTGAGE and DOES 1 through 20 inclusive,<br>Defendants. | CIVIL NO.   CV10 00156 SOM LEK<br><br>DEFENDANT PNC BANK, NATIONAL ASSOCIATION, SUCCESOR BY MERGER TO NATIONAL CITY MORTGAGE'S ANSWER TO PLAINTIFF KENNETH SHIM'S FIRST AMENDED COMPLAINT; CERTIFICATE OF SERVICE |

**DEFENDANT PNC BANK, NATIONAL ASSOCIATION, SUCCESOR BY MERGER TO NATIONAL CITY MORTGAGE'S ANSWER TO PLAINTIFF KENNETH SHIM'S FIRST AMENDED COMPLAINT**

COMES NOW Defendant PNC BANK, NATIONAL ASSOCIATION

("Defendant"), successor by merger to NATIONAL CITY MORTGAGE ("NCM"),

and answers the First Amended Complaint ("FAC") of Plaintiff KENNETH SHIM ("Plaintiff") filed on September 30, 2010, as follows:

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 4-6, 9-12, 14, 19, 27, 31, 33-35, 62-65, 70-77, and 91 of Plaintiff's FAC, and on that basis denies each and every allegation contained therein.

2.      Defendant admits the allegations contained in Paragraph 24 of Plaintiff's FAC.

3.      Defendant denies the allegations contained in Paragraphs 21, 22, 30, 32, 46, 52, 53, 56, 57, 79-82, 84-87, and 95-101 of Plaintiff's FAC.

4.      The allegations contained in Paragraphs 23, 28, 29, 40, 44, 45, 49, 50, 54, and 55 of Plaintiff's FAC state legal conclusions and/or requests for relief.  To the extent such allegations require a response, Defendant denies the allegations contained therein.

5.      Defendant denies the allegations contained in Paragraphs 1-3 and 16 of Plaintiff's FAC as they relate to Defendant.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraphs 1-3 and 16 of Plaintiff's FAC, and on that basis denies each and every allegation contained therein.

6.    Defendant denies the allegations contained in Paragraphs 7 and 8 of Plaintiff's FAC.  Defendant clarifies that following the execution of the subject loan documents through October 1, 2008, NCM was a corporation organized under the laws of the State of Ohio.   On October 1, 2008, NCM was merged with and into National City Bank ("NCB").   Thereafter, NCB continued to use National City Mortgage as a trade name, but it no longer had any separate existence.

On November 6, 2009, NCB merged with and into PNC Bank, National Association.   PNC Bank, National Association is the real party in interest under the subject note and mortgage, as successor by merger to NCB.

7.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's FAC, and on that basis denies each and every allegation contained therein.   Defendant clarifies that Plaintiff executed a promissory note ("Note") dated January 8, 2007, in the principal amount of $422,750.00 in favor of NCM.   Plaintiff executed a first priority mortgage ("Mortgage") dated January 8, 2007, in favor of NCM as lender. The Mortgage secured the obligations under the Note (the Note and Mortgage are collectively referred to as the "Loan"), and was recorded on January 17, 2007, in the Bureau of Conveyances, State of Hawaii, as Document No. 2007-009067.   The purpose of the Loan was to fund Plaintiff's purchase of the real property located at Lot #5 Keaka Kea Place, Kamuela, Hawaii 96743 aka 64-717 Keaka Kea Place,

Kamuela, Hawaii 96743 (the "Property").

8.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's FAC, and on that basis denies each and every allegation contained therein.  Defendant further states that the Note and related loan documents executed and/or provided to Plaintiff speak for themselves.

9.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 17, 18, and 20 of Plaintiff's FAC, and on that basis denies each and every allegation contained therein.  Defendant further states that the documents speak for themselves.

10.     In response to Paragraphs 25, 26, 47, 51, 58-60, 66-68, 90, 93, and 94 of Plaintiff's FAC, Defendant states that the documents and/or statutes speak for themselves.  To the extent that a further response is required, Defendant denies each and every remaining allegation contained in Paragraphs 25, 26, 47, 51, 58-60, 90, 93, and 94.

11.     In response to Paragraphs 36 and 89 of Plaintiff's FAC, Defendant admits that a non-judicial foreclosure sale of the Property was conducted on April 23, 2010 ("Foreclosure Sale"), and a Mortgagee's Quitclaim Deed Pursuant to Power of Sale ("Quitclaim Deed") conveying the Property to Defendant as purchaser was recorded on May 26, 2010, in the Bureau of Conveyances, State of

Hawaii, as Document No. 2010-072784.   Defendant further states that Plaintiff's complaint filed on March 18, 2010, speaks for itself.

12.   In response to Paragraph 37 of Plaintiff's FAC, Defendant admits that PNC's credit bid of $225,250.00 at the Foreclosure Sale was the highest bid. Defendant further states that the remaining allegations in Paragraph 37 state legal conclusions, and to the extent a response is required, Defendant denies each and every remaining allegation contained in Paragraph 37.

13.   In response to Paragraph 38 of Plaintiff's FAC, Defendant states that the allegations contained therein are overly broad, compound, and confusing.   To the extent a response is required, Defendant denies the allegations contained therein as they relate to Defendant.

14.   In response to Paragraph 39 of Plaintiff's FAC, Defendant admits that it is the current owner of the Property pursuant to the Quitclaim Deed.   Defendant further states that the remaining allegations in Paragraph 39 state legal conclusions, and to the extent a response is required, Defendant denies each and every remaining allegation contained in Paragraph 39.

15.   Defendant denies the allegations contained in Paragraphs 41 and 42 of Plaintiff's FAC as they relate to Defendant.   Defendant further denies the allegations in Paragraphs 41 and 42 that state legal conclusions.

16.   Defendant denies the allegations in Paragraph 92 of Plaintiff's FAC. Defendant clarifies that a lender is not required to make a cash down payment on a credit bid.

17.   In response to Paragraphs 43, 48, 61, 69, 78, 83, and 88 of Plaintiff's FAC, Defendant incorporates by reference its previous responses to Plaintiff's FAC.

18.   All allegations not specifically addressed are denied.

## AFFIRMATIVE DEFENSES

As and for distinct and affirmative defenses to each and every purported cause of action alleged in Plaintiff's FAC, and the whole thereof, Defendant alleges as follows:

19.   The FAC fails to state a claim upon which relief may be granted.

20.   Plaintiff's claim for punitive damages is barred because the alleged acts or omissions of Defendant: (1) do not rise to the level required to sustain an award of punitive damages; (2) do not evidence a malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights; (3) are not so wanton or willful as to support an award of punitive damages; and (4) do not otherwise entitle Plaintiff to punitive damages.

21.   Plaintiff's claim for punitive damages is barred because of Defendant's good faith efforts to comply with the applicable state and federal laws.

22.    Plaintiff's claim for punitive damages is barred and any award for such

damage would violate Defendant's rights under the federal and state constitutions.

23.    To the extent to which, if any, the causes of action in Plaintiff's FAC

claim that Defendant acted in violation of Hawaii law, Plaintiff's claims are barred,

in whole or in part, because they are preempted by the National Bank Act, 12 U.S.C.

§§ 24 and 85 (Seventh), and associated regulations of the Office of the Comptroller

of the Currency, 12 C.F.R. §§ 7.4008 and 7.4009, which expressly permit Defendant

to make loans free from state-law interference.

24.    Defendant asserts all defenses permitted under the Federal Rules of

Civil Procedure Rule 8, including without limitation:

a) accord and satisfaction;
b) arbitration and award;
c) assumption of risk;
d) comparative and/or contributory negligence;
e) consent;
f) discharge in bankruptcy;
g) duress;
h) estoppel;
i) failure of consideration;
j) failure to mitigate damages;
k) fraud;
l) illegality;
m) injury by fellow servant;
n) laches;
o) lack of causation;
p) lack of reasonable care;
q) license;
r) payment;
s) release;
t) res judicata;

u) statute of frauds;

v) statute of limitations;

w) waiver;

x) unclean hands;

y) superior title;

z) unstated affirmative defenses:   Defendant currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Therefore, Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates that such would be appropriate.

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of his FAC and that the FAC be dismissed;

2.      For an award on behalf of Defendant for its attorneys' fees and costs in an amount according to proof;

3.      For costs of suit; and

4.      For such other and further relief as the Court deems just and proper.

Dated:      Honolulu, Hawaii, October 21, 2010.

DAVID B. ROSEN
LAUREN M. AKITAKE
Attorneys for Defendant
PNC   BANK,   NATIONAL   ASSOCIATION, successor   by   merger   to   NATIONAL   CITY MORTGAGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH SHIM,<br><br>              Plaintiff,<br><br>     vs.<br><br>PNC Bank, N.A., a NATIONAL<br>ASSOCIATION, MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC, NATIONAL CITY<br>MORTGAGE and DOES 1 through 20<br>inclusive,<br>              Defendants. | CIVIL NO.   CV10 00156 SOM LEK<br><br><br>**CERTIFICATE OF SERVICE** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of DEFENDANT PNC BANK,

NATIONAL ASSOCIATION, SUCCESOR BY MERGER TO NATIONAL CITY

MORTGAGE'S ANSWER TO PLAINTIFF KENNETH SHIM'S FIRST

AMENDED COMPLAINT was served upon the following party at his respective

last known address by hand delivery on the date indicated below:

KEONI K. AGARD, ESQ.
AGARD & KAIAMA, LCC
700 Richards Street, Suite 805
Honolulu, HI 96813
(Attorney for Plaintiff)
(via hand delivery)

[SIGNATURE PAGE FOLLOWS]

DATED:   Honolulu, Hawai'i, October 21, 2010

_____
DAVID B. ROSEN
LAUREN M. AKITAKE
Attorneys for Defendant
PNC   BANK,   NATIONAL   ASSOCIATION,
successor   by   merger   to   NATIONAL   CITY
MORTGAGE